UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FISHER AND SHAPIRO, LLC and DOES 1-20,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br><br>No. |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff Stacy Hill, by and through her counsel, and except as to those allegations pertaining to Plaintiff or Plaintiff's attorneys which are based upon personal knowledge, alleges the following upon information and belief following investigation of counsel against Does 1-20 and Fisher and Shapiro, LLC (collectively, "Defendants"):

### INTRODUCTION

1. Plaintiff seeks relief for herself and other home loan borrowers who are victims of false, deceptive and unfair foreclosure litigation tactics employed by the law firm of Fisher and Shapiro, LLC ("F&S") and Doe Defendants.

2. The Chancery Division of Circuit Court of Cook County, Illinois has recently issued General Administrative Order No. 2011-01 (herein, the "Order") requiring F&S to stay or reopen approximately 1,700 foreclosure lawsuits, including a foreclosure lawsuit previously filed against Plaintiff, which were the subject of such tactics.

3. The Order provides alarming detail: that "affidavits filed in pending mortgage foreclosure cases by the law firm of Fisher and Shapiro were altered without the affiants'

knowledge. The affidavits were altered in such a way that included changing the content of the original affidavit by removing the signature page and reattaching the signature page by the affiant to the altered content. The alteration of the contents in the affidavits included, but were not limited to, adding attorneys' fees and costs, adding in insurance costs, inspection costs, preservation costs, and/or taxes incurred on the property."

4. Plaintiff and other home loan borrowers seek commensurate damages arising from Defendants' use of these phony affidavits in foreclosure lawsuits filed against them including by F&S attorneys in order to collect on debts asserted by lenders, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.* ("ICFA"), which prohibit debt collectors from engaging in fraudulent, abusive, deceptive, and unfair practices.

## PARTIES, JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's state law claims arise out of the same operative facts as her claims lodged pursuant to the FDCPA.

6. Venue in this District is proper in that Defendants transact business in this District and the conduct complained of herein occurred in this District.

7. Plaintiff, Stacy Hill, is a citizen of the State of Illinois and resides in Cook County, Illinois.

8. Defendant, Fisher and Shapiro, LLC (F&S) is organized under the laws of the State of Illinois and is engaged in the business of collecting debts in Illinois. A principle purpose of F&S's business is the collection of other parties' debts and/or enforcing security interests via instituting foreclosure lawsuits on behalf of lenders in the courts. F&S is an enforcer of a

security interest, and/or a "debt collector" within the meaning of the Fair Debt Credit Protection Act, 15 U.S.C. § 1692a(6).

9. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associated, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 20, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend her complaint to allege the true names and capacities of said fictitiously named defendants, if appropriate, when their true names and capacities have been ascertained. Each of the fictitiously named Doe Defendants is responsible in some manner for the events and occurrences alleged herein, and/or at relevant times acted as an agent and/or conspirator with F&S, and that such acts as alleged herein occurred within the course and scope of said agency, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of F&S; however, each of these allegations are deemed alternative theories whenever not doing so would result in a contraction with the other allegations.

## FACTUAL ALLEGATIONS

10. On December 9, 2009, Defendants filed a foreclosure lawsuit in Cook County court against Plaintiff, Case No. 09 CH 49203. In June 2010, F&S filed an Affidavit of Prove-Up Pursuant to 735 ILCS 5/15-1506 ("Affidavit"), contemporaneously with motions for judgment and default, in that lawsuit.

11. The Affidavit purports to be based upon personal knowledge and seeks judgment for specified damages and dollar amounts, including, *inter alia,* for specified dollar amounts for inspections, preservation, appraisal, insurance, taxes and attorneys' fees.

12. The Affidavit purports to be notarized, and signed by an officer of Deutsche Bank

3

National Trust Company, but, the foreclosure lawsuit lodged against Plaintiff has been specifically identified in General Administrative Order No. 2011-11 of the Cook County Court, County Department, Chancery Division (the "Order"), as one of a long list of F&S foreclosure actions containing affidavits with altered content such as altered additions of insurance costs, preservation costs, inspection costs, and/or taxes incurred on the property.

13.  F&S presented said Affidavit to the Cook County foreclosure court on June 24, 2010, to obtain a foreclosure judgment in Plaintiff's case, and the court entered such judgment against Plaintiff on that date; but the Affidavit contains false, altered specifications of the amount of insurance costs, preservation costs, inspection costs, and/or taxes incurred in connection with Plaintiff's loan/mortgage/property, which Defendants asserted to be due and owing by Plaintiff. Yet, pursuant to and consistent with the Affidavit, F&S obtained judgment against Plaintiff.

14.  F&S and Doe Defendants caused similar false affidavits, containing unverified and/or false content, to be filed with courts in foreclosure actions filed by lenders and Doe Defendants against similarly situated home loan borrowers.

15.  Such alteration or forgery of affidavits, which are instruments employed for debt collection, are prohibited by applicable law.

16.  The false affidavits have resulted in improper judgments, improper reporting of debts to credit bureaus, and court-sanctioned debts for improper or unlawful amounts.

17.  The conduct of F&S and Doe Defendants was willful and demonstrates reckless disregard for Plaintiff and the Class.

18.  As a result of Defendants' above-described conduct, Plaintiff and the Class were damaged; for example, they had foreclosure judgments entered against them, Defendants asserted and entered debts against them that were invalid and unenforceable and for incorrect

4

amounts, their credit ratings were adversely, prematurely, and detrimentally affected, and they are entitled to statutory damages.

19. Plaintiff reserves the right to amend her Complaint accordingly to file additional causes of action arising out of such facts.

## FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

20. F&S fraudulently concealed and misrepresented material facts in connection with collecting on the asserted debts owed by Plaintiff and the Class, as explained more fully herein.

21. F&S fraudulently and actively concealed, and until issuance of the Order on March 2, 2011, the true nature of the facts attested to by F&S in the subject affidavits – *e.g.* specified damages and dollar amounts, including *inter alia* debt amounts purportedly owed by Plaintiff and the Class for inspections, preservation, appraisal, insurance, taxes and attorneys' fees. *See* ¶¶ 11-16.

22. The F&S affidavits contain false, altered information including additions of insurance costs, preservation costs, inspection costs, and/or taxes incurred on the property. The affidavit used in Plaintiff's default judgment and foreclosure judgment was one of such affidavits listed in the Order entered on March 2, 2011.

23. Until that date, F&S and Doe Defendants had only one-sided access to the information; only they knew that they altered the affidavits used in obtaining the default judgment and foreclosure judgment against Plaintiff and similarly situated home loan borrowers.

24. Because F&S and Doe Defendants had exclusive knowledge of the altered affidavits, withheld such knowledge, and represented that such affidavits were true and correct and/or based upon personal knowledge of the affiant, Plaintiff and similarly situated home loan borrowers did not know and could not have discovered or known of F&S's violations until entry

of the Order on March 2, 2011. In fact, per the Order, F&S issued notice to the 1,700 persons listed in the Order only some time *after* entry of the Order, advising them of facts relating to same; therefore, Plaintiff and the Class could not reasonably have known of such facts until such time that they were so notified *after* March 2, 2011.

25. Defendants concealed all relevant facts and information concerning the validity of the subject affidavits from Plaintiff and similarly situated home loan borrowers, despite their exercise of due diligence such as continuing to be informed of court notices and court dates and proceedings in their foreclosure actions.

26. Defendants are in a position of superior knowledge concerning the claims at issue, because the mortgage foreclosure process involves complex legal questions and procedures so that Plaintiff and other home loan borrowers had no choice but to rely on Defendants' representation that the affidavits they submitted were, in fact, valid and accurate.

27. Had Plaintiff and other home loan borrowers known of the facts giving rise to Plaintiff's claims, they would have been able to seek commensurate relief long ago.

28. As a result of F&S's fraudulent concealment of their violations of relevant law as described more fully herein, the applicable statute of limitations governing Plaintiff and other home loan borrowers' rights of action have been tolled.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings her claims individually and pursuant to Fed. R. Civ. Pr. 23 on behalf of a Class presently defined as all persons named as a defendant in a foreclosure lawsuit containing an affidavit altered by Fisher and Shapiro, LLC, one of its agents, or a Doe Defendant. Excluded from the Class are current and former executives and officers of Defendants, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding

over this action. Plaintiff reserves her right to amend the class definition as appropriate and/or following discovery.

30. Plaintiff reasonably believes that the Class includes at least 1,700 members as more fully described above, making joinder of all members of the Class impracticable.

31. Defendants' unlawful conduct as set forth herein is generally applicable with respect to the Class as a whole, so that declaratory relief and corresponding injunctive relief are appropriate.

32. Plaintiff's claims are typical of the claims of other Class members.

33. Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel competent and experienced in class action litigation.

34. Common questions of law or fact exist as to all members of the Class, and predominate over questions affecting only individual Class members, including, without limitation, as follows:

    a. Did Defendants alter affidavits employed in foreclosure lawsuits filed against Plaintiff and the Class?

    b. Does the alteration of said affidavits violate the Fair Debt Collection Practices Act, as more fully set forth herein?

    c. Are Plaintiff and the Class entitled to declaratory relief as more fully set forth herein?

35. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because they cannot afford to hire counsel and/or because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions

against the Defendants.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats, realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein in full.

37. F&S and Doe Defendants are "debt collectors" and/or enforcers of security interests pursuant to the FDCPA, and/or routinely file foreclosure lawsuits on behalf of lenders including in order to collect debts asserted by lenders and enforce lender security interests.

38. Said Defendants, by their aforesaid conduct and use of false and misleading affidavits in foreclosure actions filed against Plaintiff and the Class as set forth more fully above, violated the Fair Debt Collection Practices Act, including without limitation FDCPA prohibitions against using any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

39. Defendants' above-described conduct is further prohibited, for example, by the following FDCPA provisions:

(a) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt;

(b) Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false;

(c) Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law; and

(d) Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or any disputed portion thereof until the debt collector obtained

8

verification of the debt.

Indeed, as set forth above, the above-described affidavits presented by F&S and Doe Defendants to the foreclosure courts in order to obtain judgment against Plaintiff and the Class contained fraudulent and false or altered assertions of debt amounts purportedly owed by Plaintiff and the Class for, *inter alia*, inspections, preservation, appraisal, insurance, taxes and/or attorneys' fees. As such, Defendants' employment of said affidavits misrepresented the character and amount of the asserted debts purportedly owed by Plaintiff and the Class, which were known to be false, without obtaining verification of said amounts due, and without agreement by Plaintiff and the Class.

40. F&S and other Doe Defendants intentionally, frequently and persistently employed false and misleading affidavits in order to collect on lender debts. The above-described Order identifies approximately 1,700 instances of such conduct.

41. As a result of Defendants' numerous above-described violations of the FDCPA, Plaintiff and the Class were damaged and are entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be proven at trial.

## COUNT II
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
## (UNFAIR AND DECEPTIVE CONDUCT)

42. Plaintiff repeats, realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

43. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.* ("ICFA"), is designed to protect consumers against unfair, deceptive, false or misleading business practices.

44. The ICFA prohibits false, deceptive, misleading and unfair acts or practices,

9

"including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS § 505/2.

45. As more fully described above, Defendants employed false pretense, false promises, and misrepresentations, by way of their above-described doctored affidavits, which Defendants represented as true and correct, verified, notarized affidavits, in order to obtain court judgments against Plaintiff and the Class for false, misrepresented and incorrect debts and/or for debts in higher amounts than allowed or owed. In fact, such amounts of attorneys' fees, taxes, insurance, or preservation costs, for example, were not valid, due and owing debts owed by Plaintiff and the Class. *See, e.g.,* ¶¶ 11-16 above, incorporated herein by reference.

46. As such, Defendants caused Plaintiff and the Class to incur additional and/or premature debt and/or to incur debts and debt amounts that they never validly or properly owed.

47. Defendants knew and/or should have known that the misrepresentations and assertions of debt in their above-described affidavits are false, as more fully described above.

48. Defendants, at all relevant times, including when imposing phony debts on Plaintiff and the Class, and when conveying affidavit-requests for such amounts, intended that Plaintiff and the Class rely on said misrepresentations and false pretenses and promises in connection with asserting their purported debts. This is also true in cases where such affidavits were employed in connection with default judgments, for Defendants' affidavits created a record for Plaintiff and the Class to view at any time that documents the amounts they purportedly owed. Absent Defendants' concealed falsification of the above-described affidavits, or had Plaintiff and the Class known that said affidavits were altered, Plaintiff and the Class would have

10

acted differently; for instance, they would have contested the amounts asserted to be due and owing in the affidavits.

49. In addition to being deceptive, Defendants' assertion of false or inflated debts or charges itemized on false affidavits doctored by F&S is also unethical, immoral, oppressive, causes substantial injury, and violates public policy — and is patently unfair in violation of ICFA.

50. Plaintiff and other members of the Class had no meaningful choice but to incur the debts and obligations to pay asserted by Defendants, including Court-ordered judgments accounting for the false debts fabricated by phony affidavits filed by F&S.

51. As a result of Defendants' conduct, Plaintiff had a judgment and debt lodged against her that was not valid and based upon a false affidavit, to her detriment and on information and belief to the detriment of her credit rating.

52. As such, Plaintiff and the Class were damaged as a proximate result of Defendants' above-described unfair, fraudulent, misleading and deceptive conduct, in violation of ICFA, and are entitled to corresponding injunctive relief allowed by the ICFA.

53. Plaintiff and the Class could not have discovered the above-mentioned facts until sometime after March 2, 2011, when the Order of the Cook County Court revealed that F&S had concealed its practice of falsifying affidavits to obtain judgments against and orders of debts owed by Plaintiff and the Class, as more fully set forth above.

Case: 1:11-cv-04198 Document #: 1 Filed: 06/20/11 Page 12 of 14 PageID #:12

## COUNT III
### DECLARATORY JUDGMENT INCLUDING CORRESPONDING INJUNCTIVE RELIEF
### 28 U.S.C. §§ 2201, 2202

54. Plaintiff repeats, realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

55. Plaintiff and the Class are entitled to a declaration of the parties' rights and Defendants' obligations pursuant to the FDCPA, including whether Defendants' conduct violates the FDCPA and whether Defendants are liable for their above-described conduct in violation of these statutes, as more fully set forth above.

56. Plaintiff and other Class members, and Defendants, have adverse legal interests, and there is a substantial controversy between Plaintiff and other Class members, and Defendants, so as to warrant issuance of a declaratory judgment as to whether Defendants' practice of altering affidavits used in foreclosure proceedings is unlawful and violates the FDCPA, and issuance of notice to the Class regarding same.

57. As a result of Defendants' above-described conduct in violation of the FDCPA, Plaintiff and the Class are additionally entitled to corresponding injunctive and equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays that this Honorable Court grant the following relief:

    a. Find that Defendants' above-described conduct violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505 *et seq.*, as set forth above;

    b. Declare the rights of the parties as set forth above (¶¶ 55-56), issue notice to the Class regarding same, and order corresponding equitable and injunctive relief;

    c.    Award statutory, actual and punitive damages and interest as allowed under applicable law, *e.g.,* 15 U.S.C. § 1692k, and 815 ILCS § 505/2;

    d.    Certify the Class proposed by Plaintiff, and appoint Plaintiff as Class representative and Plaintiff's Counsel as Class Counsel;

    e.    Award reasonable attorneys' fees and costs as provided by applicable law; and

    f.    Provide such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all matters complained of herein that are so triable.

Respectfully submitted,

STACY HILL, individually and on behalf of all others similarly situated

By: /s Anita Dellaria_____
One of Plaintiff's Attorneys

Anita Dellaria, Esq. (#6301587)
Mark Bulgarelli, Esq. (#6284703)
Ilan Chorowsky, Esq. (#6269534)
**PROGRESSIVE LAW GROUP LLC**
505 N. LaSalle, Suite 350
Chicago, IL 60654
Ph: 312-787-2717

Kelli Dudley, Esq. (#6279068)
**THE LAW OFFICE OF KELLI DUDLEY**
9130 S. Houston Ave., 1st Floor
Chicago, IL 60617-4319
Ph: 312-771-9770